DECISION
{¶ 1} Plaintiff-appellant, Sean Harris, appeals from a judgment of the Franklin County Municipal Court overruling his objection to the magistrate's decision, adopting the magistrate's decision and entering judgment for defendant-appellee, Dariela Mapp, on Mapp's counterclaim. Plaintiff assigns a single error on appeal:
ASSIGNMENT OF ERROR NO. 1:
The trial court erred when it determined that Plaintiff Had Waived His Claim of Defect of Service in the Defendant's Counterclaim.
Because plaintiff failed to file with the trial court a transcript of the proceedings before the magistrate, we affirm.
 {¶ 2} As a result of an ongoing relationship of over ten years, plaintiff and Mapp have one child together. In December 2004, the relationship deteriorated; Mapp told plaintiff to vacate the residence. According to plaintiff's complaint, Mapp changed the locks to the residence and destroyed certain of plaintiff's belongings before plaintiff could remove them. On April 12, 2005, plaintiff filed a complaint against Mapp in Franklin County Municipal Court, Small Claims Division, and requested damages in the amount of $2,994.62. On April 22, 2005, Mapp filed a counterclaim against plaintiff. A hearing was set for June 16, 2005 before a magistrate. For reasons not apparent from the record, the hearing was continued until July 21, 2005. As a result of the July 21 trial, the magistrate ruled in favor of Mapp and awarded her $3,000, plus costs and interest, on her counterclaim.
 {¶ 3} On September 23, 2005, plaintiff filed objections to the magistrate's decision. As relevant to this appeal, plaintiff's first objection stated: "Proper service was never made. Service was made in Court to wit I had no time to review." In support of his objection, plaintiff claimed he never received Mapp's counterclaim until the day of trial, although the record is unclear whether plaintiff refers to the day of the first trial, June 16, 2005, or the actual day of trial on July 21, 2005. Premised on that argument, plaintiff maintained the trial court lacked personal jurisdiction to render judgment against him on Mapp's counterclaim.
 {¶ 4} Although the record indicates plaintiff requested a transcript in connection with his objections, the record does not reflect he ever paid for it or filed it. Indeed, at the hearing on plaintiff's objections to the magistrate's decision on November 18, 2005, the trial court specifically asked if a transcript was part of the record. Receiving no affirmative response, the trial court ruled that without a transcript of the hearing before the magistrate, the trial court had no evidence of an objection to failure of service.
 {¶ 5} Accordingly, in a judgment entry dated November 21, 2005, the trial court overruled the objection stating: "Plaintiff appeared on the scheduled date for trial before the magistrate. There is no indication in the record that Plaintiff objected to proceeding with the case or requested a continuance. By going forward without objection, Plaintiff has waived defects in service. Objection overruled." Plaintiff's single assignment of error contends the trial court erred in concluding plaintiff waived error in service of Mapp's counterclaim.
 {¶ 6} In support of his assignment of error on appeal, plaintiff contends he objected at the hearing before the magistrate to Mapp's failure to serve her counterclaim on him. Plaintiff claims in his brief that, given his objection, the magistrate continued trial of the case from June 16, 2005 to July 21, 2005. (Plaintiff's Brief, at 6.) Citing to portions of the transcript of the hearing before the magistrate, plaintiff further asserts he objected to the failure of service at the July 21, 2005 hearing. Plaintiff, however, admits in his appellate brief that he was served with the counterclaim; instead he contends he lacked sufficient time to prepare to defend against it.
 {¶ 7} Former Civ.R. 53(E)(3)(a) provides, in part, that "a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Former Civ.R. 53(E)(3)(c). In the absence of a transcript or taking evidence itself, the trial court is required to accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts. Forth v. Gerth,
Franklin App. No. 05AP-576, 2005-Ohio-6619, quoting Carter v.Le, Franklin App. No. 05AP-173, 2005-Ohio-6209. Further, because plaintiff failed to file a transcript of the hearing with the trial court, our review is limited to whether the trial court correctly applied the law to the facts set forth in the magistrate's decision. Id., citing Compton v. Bontrager,
Franklin App. No. 03AP-1169, 2004-Ohio-3695. As a result, even though plaintiff supplemented the record on appeal with a transcript, we are precluded from considering it, as the trial court did not have the opportunity to review it before determining whether to adopt the magistrate's decision. Forth,
supra, citing State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728.
 {¶ 8} In the absence of a transcript, we have nothing in the record to suggest plaintiff objected to the court's lack of personal jurisdiction for Mapp's failure to serve him with her counterclaim; to the contrary, his appellate brief states he was served. Further, while the case was continued once, nothing in the record indicates the continuance was, as plaintiff suggests, due to his objection to failure of service. Even if the case were continued for that reason, that continuance then indicates plaintiff had notice of the counterclaim after June 16, 2005, the original hearing date. His subsequent appearance and participation in the case waived any such defense.
 {¶ 9} "Personal jurisdiction is the authority of a particular forum to enter judgment constitutionally binding on a particular defendant." NetJets, Inc. v. Binning, Franklin App. No. 04AP-1257, 2005-Ohio-3934, at ¶ 4, citing McBride v. CobleExpress, Inc. (1993), 92 Ohio App.3d 505. Personal jurisdiction is an affirmative defense that may be waived. Civ.R. 12(H); Inre Burton S. (1999), 136 Ohio App.3d 386; State Farm Fire Casualty Co. v. Kupanoff Imports, Inc. (1992),83 Ohio App.3d 278.
 {¶ 10} A trial court lacks jurisdiction to render judgment against a defendant if the defendant has not been effectively served with process and has not appeared in the case or waived service. Rite Rug Co., Inc. v. Wilson (1995),106 Ohio App.3d 59, 62. For a judgment to be rendered against a defendant who is not served with process, the record must demonstrate that the defendant voluntarily submitted to the court's jurisdiction or has committed such other acts that constitute a waiver of the defense of lack of personal jurisdiction. Nichols, Rogers Knipper LLP v. Warren (Jan. 11, 2002), Montgomery App. No. 18917. "In other words, a defendant is considered to have waived his defense of lack of personal jurisdiction when his conduct does not reflect a continuing objection to the power of the court to act over the defendant's person." Id.
 {¶ 11} Where a defendant appears and participates in the case without objection, he waives the defense of lack of personal jurisdiction due to failure of service. Nichols, supra (concluding that, even if service were not originally perfected upon the defendant, the record did not indicate the defendant objected on that basis, and the defendant's subsequent appearance and participation in the case constituted a waiver of objections to personal jurisdiction); see, also, NetJets, supra (noting that defendant waived any defect in personal jurisdiction based on his hiring counsel, conducting discovery, and appearing and testifying at trial); McBride, supra.
 {¶ 12} Here, plaintiff appeared before the magistrate on July 21, 2005 and, representing himself, went forward with and participated in the trial. No proper evidence in the record indicates plaintiff objected, prior to commencement of the trial, to Mapp's failure to serve him with the counterclaim. Without such evidence, plaintiff's participation in the trial waived any objection to lack of personal jurisdiction based on failure to serve him with the counterclaim. The trial court properly applied the law to the facts in this case.
 {¶ 13} Although plaintiff's appellate brief admits he was served with the counterclaim, plaintiff contends he lacked time to adequately prepare a defense. His contention again fails due to lack of a transcript of the hearing before the magistrate. Without a transcript, we are unable to determine whether plaintiff asked for additional time to prepare a defense to the counterclaim, and if so, whether the magistrate abused the discretion afforded him in determining whether a continuance of the trial date was appropriate. In the end, plaintiff's contentions on appeal fail, as they did in the trial court's consideration of plaintiff's objections, for lack of a transcript to support them. Accordingly, plaintiff's assignment of error is overruled.
 {¶ 14} Having overruled plaintiff's single assignment of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Travis and Whiteside, JJ., concur.
Whiteside, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.