OPINION
{¶ 1} Respondent-appellant, Walter C. Evans, appeals from a judgment of the Franklin County Court of Common Pleas granting petitioner-appellee, Alisha A. Evans, a civil protection order pursuant to R.C. 3113.31. For the following reasons, we affirm.
 {¶ 2} On April 29, 2008, Alisha filed a petition seeking a domestic violence civil protection order against her husband, Walter. After conducting an ex parte hearing, the trial court granted Alisha an ex parte civil protection order effective until May 6, 2008. The ex parte civil protection order stated that a full hearing would occur on May 6, 2008, and it *Page 2 
directed to the Franklin County Clerk of Courts ("Clerk of Courts") to deliver a copy of the order to Walter.
 {¶ 3} Unfortunately, the Clerk of Courts failed to serve Walter with a copy of the ex parte civil protection order. However, two days before the hearing, while searching the Clerk of Courts' website, Walter discovered the existence of the ex parte civil protection order and the May 6, 2008 court date. Walter then obtained a copy of the petition and order from the Clerk of Courts.
 {¶ 4} In preparation for the hearing, Walter drafted a motion asking the trial court to deny and/or dismiss Alisha's civil protection order petition. Essentially, this motion attacked the veracity of the allegations contained in the affidavit supporting Alisha's petition and set forth Walter's version of the facts. Walter filed his motion immediately before appearing at the hearing.
 {¶ 5} During the hearing, Walter, acting pro se, cross-examined his wife and testified himself. At the conclusion of the hearing, the trial court granted Alisha a civil protection order effective until May 1, 2009. Walter now appeals from that judgment and asserts the following assignments of error:
 [1.] The Trial Court Committed Prejudicial Error When It Failed Its Duty To Comply With And Guarantee Appellant's Rights As Mandated By Ohio Revised Code 3113.31(D)(2)(a) And Such Error Violated Appellant's Constitutional Rights of Due Process, Fair Trial and Counsel As Guaranteed By The Sixth and Fourteenth Amendment To the United States Constitution And Article I, Section 16 of The Constitution of The State of Ohio.
 [2.] The Trial Court Committed Prejudicial Error As A Matter of Law When It Failed to Rule Upon Or To Journalize Its Findings Regarding Appellant's Filed Motion To Dismiss/Deny Petitioner's Petition. Appellant's] Motion Claimed Substantial Rights And Such Error Constitutes A *Page 3 
Violation of Appellant's Rights of Due Process As Guaranteed By The United States Constitution, Fourteen Amendment And Article I, Section 16 of The Constitution of the State of Ohio.
 {¶ 6} By his first assignment of error, Walter argues that the trial court denied him due process of law when it conducted a full hearing even though he had not received notice of the hearing from the Clerk of Courts. Because Walter did not assert this argument before the trial court, he waived it.
 {¶ 7} Pursuant to R.C. 3113.31(D)(2)(a), a trial court must schedule a "full hearing" after granting an ex parte civil protection order. Furthermore, "[t]he court shall give the respondent notice of, and an opportunity to be heard at, the full hearing." Id. This statutory mandate is consistent with the core due process requirements of notice and a hearing. Cleveland Bd. of Ed. v. Loudermill (1985), 470 U.S. 532,542, 105 S.Ct. 1487 ("An essential principal of due process is that a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing appropriate to the nature of the case.'");State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 6 (holding that "the basic requirements under [the due process] clause are notice and an opportunity to be heard").
 {¶ 8} In the case at bar, Walter stated during his testimony that he did not receive notice of the full hearing from the Clerk of Courts. However, Walter never argued that this lack of notice violated R.C. 3113.31(D)(2)(a) or infringed upon any constitutional right. Additionally, Walter never sought a continuance to remedy any possible prejudice that lack of notice might have caused him. "A party who fails to raise an argument in the court below waives his or her right to raise it" on appeal. State ex rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278. See, also, State ex rel. Ohio Civil Serv. EmployeesAssn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.,104 Ohio St.3d 122, *Page 4 2004-Ohio-6363, at ¶ 10 (" `Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.'"). Because Walter neither objected nor sought a continuance, we conclude that Walter failed to preserve any alleged error regarding the lack of notice.
 {¶ 9} Walter, however, argues that the trial court bore an affirmative duty, imposed by R.C. 3113.31(D)(2)(a)(i), to inquire as to whether he had received proper notice and to grant a continuance if he had not. We find this argument unavailing. Pursuant to R.C. 3113.31(D)(2)(a)(i), the trial court "may grant a continuance of the full hearing" if "[p]rior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing." Thus, in accordance with R.C. 3113.31(D)(2)(a)(i), the trial court, in its discretion, may grant a continuance if the respondent does not receive the petition and notice of the full hearing. Contrary to Walter's argument, the provision does not require the trial court to affirmatively take any action. Necessarily then, the respondent bears the burden of asserting the lack of notice and seeking a continuance. Therefore, when Walter failed to object to the lack of notice or to ask for a continuance to remedy the situation, he foreclosed any potential appeal based upon the lack of notice. Accordingly, we overrule Walter's first assignment of error.
 {¶ 10} Tangentially, we note that Alisha responded to Walter's first assignment of error as if Walter had argued that lack of notice deprived the trial court of personal jurisdiction over him. A careful reading of Walter's brief reveals that he did not, in fact, make such an argument. Nevertheless, in an abundance of caution, we will address whether the trial court obtained personal jurisdiction over Walter. *Page 5 
 {¶ 11} A party must raise the lack of personal jurisdiction in his first pleading, motion, or appearance. Michigan Millers Mut. Ins. Co. v.Christian, 153 Ohio App.3d 299, 2003-Ohio-2455, at ¶ 10. If a party "appears and participates in the case without objection, he waives the defense of lack of personal jurisdiction due to failure of service."Harris v. Mapp, Franklin App. No. 05AP-1347, 2006-Ohio-5515, at ¶ 11. Here, because Walter did not assert lack of personal jurisdiction in his first appearance before the court (i.e., when he filed his motion to dismiss and/or deny Alisha's petition), he waived that argument and voluntarily submitted himself to the trial court's jurisdiction.
 {¶ 12} By Walter's second assignment of error, he argues that the trial court erred in not issuing a ruling upon his motion to dismiss and/or deny Alisha's petition for a civil protection order. We disagree.
 {¶ 13} When a trial court fails to rule upon a pretrial motion, an appellate court presumes that the trial court overruled it. State exrel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469, 1998-Ohio-329. "Consequently, the failure to rule on [a] motion is not, by itself, a basis for us to reverse the trial court's judgment." Vahdati'bana v.Scott R. Roberts Assoc. Co., L.P.A., Franklin App. No. 07AP-581,2008-Ohio-1219, at ¶ 14.
 {¶ 14} Moreover, we find that the trial court did, in fact, consider the issues underlying Walter's motion. In essence, Walter moved for judgment in his favor because Alisha allegedly misrepresented and manipulated the facts in her affidavit in support of the petition. Walter contended that, based upon his recounting of the events preceding the filing of the petition, the trial court should deny Alisha the civil protection order she sought. During the full hearing, the trial court considered Alisha's credibility and weighed the parties' testimony of the disputed events. Thus, when the trial court granted Alisha *Page 6 
the civil protection order at the conclusion of the hearing, it implicitly found that Walter's motion lacked merit. Accordingly, we overrule Walter's second assignment of error.
 {¶ 15} For the foregoing reasons, we overrule both of Walter's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 McGRATH, P.J., and BRYANT, J., concur. *Page 1