[Cite as *In re S.H.O.*, 2019-Ohio-645.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | |
|---|---|
| IN RE: S.H.O | : |
| | : |
| | :     Appellate Case No. 28072 |
| | : |
| | :     Trial Court Case No. 2018-1013 |
| | : |
| | :     (Appeal from Common Pleas Court- |
| | :     Juvenile Division) |
| | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of February, 2019.

. . . . . . . . . . .

Mother, Englewood, Ohio
    Appellee, Pro Se

Father, Smyrna, Georgia
    Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant Father, pro se, appeals the judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which affirmed a magistrate's decision denying his motion to terminate his child support obligation. For the reasons that follow, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} In September 2016, an administrative order was entered establishing that S.H.O. is the child of Mother and Father. No objections or appeals were filed. The Child Support Enforcement Agency (CSEA) scheduled a hearing to determine child support. A hearing was conducted over the course of three days between October 2016 and January 2017. Mother was present at the hearing and Father appeared by telephone. Father signed an acknowledgement of service. After hearing testimony from both parties, it was determined that Father was obligated to pay $664.01 per month as child support. The CSEA filed its administrative support order on February 2, 2017.

{¶ 3} On February 21, 2017, Father filed objections to the administrative support order in the juvenile court. In his objections, he contended that the child support order was not supported by the evidence and that he should have been ordered to pay only $248 per month, because the parties had agreed that he would also pay one-half of the child's daycare expenses. A magistrate conducted a hearing on April 19, 2017, at which Mother, Father, and an attorney for the CSEA appeared. Thereafter, the magistrate issued a decision overruling Father's objection and adopting the administrative order.

{¶ 4} On May 4, 2017, Father filed objections to the magistrate's decision in which

he claimed that the court lacked jurisdiction to order child support. The juvenile court overruled the objections on March 2, 2018 and adopted the decision of the magistrate.

{¶ 5} In April 2018, Father filed a pleading in which he demanded that the child support order be terminated and that the case be "dismissed with prejudice due to the fraud imparities of form ss5, the Cestui Que Vie Act of 1666, and the violation of [his] inherent rights." Dkt. No. 7. He also made other arguments, including a claim that the court denied him his constitutional rights due to his "Moorish Nationality." *Id.* He further stated that he has "protected [his] CORPORATE fictional character the ALL CAPS CORPORATE FICTION [name] and all derivatives there of through my common law copyright affidavit which is attached to the Uniform Commercial Code Financing Statement I am providing you with along with a copy of my commercial affidavits (United States Code title 15 also referred to as 15 U.S.C.)." In addition, Father attached several documents to his pleading. The first document was entitled "Affidavit of Judicial Notice," and appeared to be some type of notification that he should be paid the sum of $100,000,000. The second document was entitled "Affidavit of Acknowledgement" and appeared to give him a power of attorney over himself. The third document was entitled "Affidavit of Copyright" and purported to copyright his name. Finally, the fourth document was entitled "Affidavit of Sovereignty" and appeared to be a declaration that the government cannot require certain actions from him, including the filing of tax returns.

{¶ 6} A hearing was conducted before the magistrate. At that time, Father made the following statement:

Once again, for the record, I am [name], a natural person described by
Black's Law Dictionary, a sovereign Moor, secured party creditor, and pro

se representative and power of attorney in fact for the All Caps Corporate Fiction [name], which is my trust, and I do not consent to any contracts with your corporation. And I demand that anything that identifies All Corporate Fiction [name] be destroyed immediately.

Tr. p. 10.

{¶ 7} The magistrate filed a decision on May 31, 2018 in which the motion to terminate and dismiss was overruled. On June 18, 2018, Father filed an objection to the decision. On June 19, 2018, the juvenile court issued a judgment finding that Father had not presented evidence sufficient to support his request to terminate child support. The court further found that Father's objections were not timely filed. Thus, the court affirmed and adopted the decision of the magistrate.

{¶ 8} Father appeals.

## II.    Analysis

{¶ 9} Father's sole assignment of error states as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW MAKING A VOID ORDER WHEN THE TRIAL COURT LACK[ED] JURISDICTION AND THE APPELLEE HA[S] NOT PROVEN JURISDICTION OVER THE APPELLANT.

{¶ 10} Father contends that the order of support was wrongfully entered against him because the juvenile court did not have jurisdiction over this matter. In support, he argues that "the PERSON of the State of GEORGIA the alleged defendant, there is no proof of service upon i: a man [name] the sole beneficiary and paramount security interest

holder to the property in collateral both registered and unregistered belonging to [name] the PERSON of the State of GEORGIA."

{¶ 11} Although not clear, it appears that Father contests the issue of personal jurisdiction. However, since we cannot be sure, we will address both subject matter jurisdiction and personal jurisdiction, as it is a fundamental concept that a court of this state must be vested with both personal jurisdiction over the parties and subject matter jurisdiction over the involved claim before judgment can be entered against a party.

{¶ 12} We begin with the issue of subject matter jurisdiction. Subject matter jurisdiction refers to the statutory and/or constitutional power to adjudicate a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12. The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Ohio Constitution, Article IV, Section 1. Thus, the constitution gives the General Assembly the power to provide for juvenile courts and their jurisdiction.

{¶ 13} R.C. 2151.23(A)(11) provides that a juvenile court has exclusive jurisdiction over child support matters so long as the request for support is "not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115 of the Revised Code." Further, R.C. 3111.84 provides that a parent subject to an administrative support order may object to the order by bringing an action for the payment of support and provision for the child's health care under section 2151.231 of the Revised Code in the juvenile court "in which the child support enforcement agency that employs the administrative officer is located." By filing

objections, Father invoked the jurisdiction of the juvenile court. Thus, the juvenile court had subject matter jurisdiction over this matter.

{¶ 14} We next turn to the issue of personal jurisdiction. "It is rudimentary that in order for a court to enter a valid, personal judgment, the court must have personal jurisdiction over the defendant." *Reed Elsevier, Inc. v. Feder*, 2015-Ohio-5013, 50 N.E.3d 1067, ¶ 8 (2d Dist.), quoting *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). However, "the requirement that a court have personal jurisdiction over a party is a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." *Id.* at ¶ 10, quoting *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 66 Ohio St.3d 173, 175, 610 N.E.2d 987 (1993). The lack of personal jurisdiction must be raised in a party's first pleading, motion, or appearance. *Evans v. Evans*, 10th Dist. Franklin No. 08AP-398, 2008-Ohio-5695, ¶ 11. If a party appears and participates in the case without objection, he or she waives any defense based on lack of personal jurisdiction. *Id.*; *Harris v. Mapp*, 10th Dist. Franklin No. 05AP-1347, 2006-Ohio-5515, ¶ 11. A person makes a general appearance when he voluntarily takes some step in the action other than to contest jurisdiction. *Smith v. Hensel*, 5th Dist. Ashland Nos. 04-COA-077 and 04-COA-078, 2005-Ohio-3465, ¶ 12.

{¶ 15} It is clear from this record that Father has waived any claim regarding personal jurisdiction as he invoked the jurisdiction of the juvenile court by filing the action to object to the administrative order. Further, he participated in a hearing before the juvenile court solely on the issue of whether the administrative agency had erred regarding the proper amount of child support. It was not until the administrative order of

support was affirmed that Father raised any claim regarding jurisdiction.

**{¶ 16}** We must also note that numerous courts, including this one, have rejected similar challenges to jurisdiction based on "sovereign citizen" or "sovereign nation" arguments. *See, e.g.*, *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, ¶ 6 (sovereign citizen theories " 'are meritless and worthy of little discussion' "), quoting *Dubose v. Kasich*, S.D.Ohio No. 2:11-CV-00071, 2013 WL 164506, *3 (Jan. 15, 2013); *State v. Wyley*, 8th Dist. Cuyahoga No. 102889, 2016-Ohio-1118; *State v. Miller*, 12th Dist. Clermont No. CA2018-04-019, 2018-Ohio-4258.

**{¶ 17}** We conclude that the juvenile court had both subject matter and personal jurisdiction in this case. Accordingly, Father's sole assignment of error is overruled.

### III. Conclusion

**{¶ 18}** Father's sole assignment of error being overruled, the judgment of the juvenile court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.


Copies sent to:

Mother
Father
Aaron Hill
Hon. Anthony Capizzi