[Cite as *Edwards v. Horton*, 2022-Ohio-3989.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TAMYA EDWARDS, | : | APPEAL NO. C-220123 |
| | | TRIAL NO. P21-1003Z |
| Plaintiff-Appellee,[1] | : | |
| vs. | : | *O P I N I O N.* |
| CHARLES L. HORTON III, | : | |
| Defendant-Appellant. | : | |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 9, 2022

*Charles L. Horton III*, pro se.

---

[1] Edwards did not submit a brief or appear at oral argument.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Charles L. Horton III appeals the Hamilton County Juvenile Court's judgment overruling his objection to the administrative support order that was registered with the court by the Hamilton County Child Support Enforcement Agency ("CSEA"). We affirm the juvenile court's judgment.

## I. Factual and Procedural History

**{¶2}** In August 2021, CSEA registered an administrative support order with the juvenile court requiring Horton to pay monthly child support. The order was based on a previous administrative order establishing paternity through genetic testing. The juvenile court adopted the administrative support order the following day.

**{¶3}** Horton's first appearance in this action was an "Objection to Administrative Order of Support," which stated, "I, Horton-Charles [sic], alleged defendant object to Hamilton County Child Support Enforcement Agency genetic testing result. Defendant never submitted to genetic testing to determine a [sic] order." Horton attached to the objection the administrative order establishing paternity, the genetic-testing results, and a written response that Horton had purportedly sent to CSEA in reply to its request for paternity testing.

**{¶4}** Three days later, Horton filed a "Notice of Special Appearance." The notice averred that Horton was only "granting" the court "limited jurisdiction for the sole purpose of vacating the fraudulent void administrative order dated August 4, 2021 and the fabricated DNA test used to establish paternity." Attached to the notice was an "Affidavit of Denial of Acknowledgment of Paternity and Parentage," in which Horton averred that he was not the father of the child and described himself as, "a man known to use the name Charles-Lamont: Horton III, a Non-State Citizen and Paramount

2

Security Interest Holder to the property in collateral both registered and unregistered belonging in cestui que trust CHARLES LAMONT HORTON III[.]"

{¶5} In November 2021, the magistrate held a hearing on Horton's objection to the administrative support order. Horton repeatedly told the magistrate that he was not there to "argue the case." Rather, he asserted that, while he was known to use the name Charles Horton, his property belonged only to the "cestui que trust" of Charles Horton and he was only appearing as the "paramount security interest holder" of such trust. The magistrate denied Horton's objection, finding that Horton had failed to state any reason why the administrative support order was incorrect.

{¶6} Horton objected to the magistrate's decision, arguing that the court lacked personal jurisdiction over him. The juvenile court held a hearing on his objection. Horton made the same argument to the juvenile court—that he was only appearing as the paramount security interest holder in the "cestui que trust" of Charles Horton and not as Charles Horton. After some back and forth between the court and Horton, the juvenile court asked Horton to explain his assertion that the court lacked personal jurisdiction over him. He responded that the "claimant" failed to give proper notice of the hearing. He expressly denied having any other concerns. The juvenile court overruled Horton's objection and found that it had personal jurisdiction over him. This appeal followed.

## II. Law and Analysis

{¶7} In a single assignment of error, Horton asserts that the trial court erred as a matter of law by adopting the administrative support order. He argues that the juvenile court lacked personal jurisdiction over him because he never voluntarily submitted to the court's jurisdiction or waived any jurisdictional defense. We disagree.

**{¶8}** A trial court's determination that it has personal jurisdiction over a party is reviewed de novo. *Johnson v. Hisle*, 1st Dist. Hamilton No. C-170717, 2018-Ohio-3693, ¶ 9. "The lack of personal jurisdiction must be raised in a party's first pleading, motion, or appearance." *In re S.H.O.*, 2d Dist. Montgomery No. 28072, 2019-Ohio-645, ¶ 14, citing *Evans v. Evans*, 10th Dist. Franklin No. 08AP-398, 2008-Ohio-5695, ¶ 11. "If a party appears and participates in the case without objection, he or she waives any defense based on lack of personal jurisdiction." *Id.*, citing *Evans* and *Harris v. Mapp*, 10th Dist. Franklin No. 05AP-1347, 2006-Ohio-5515, ¶ 11.

**{¶9}** Horton first appeared before the juvenile court when he filed his "Objection to Administrative Order of Support." The objection challenged the genetic testing used when establishing the parent and child relationship. But it did not challenge the court's jurisdiction over him. It was not until three days later that Horton filed his first "Notice of Special Appearance," which arguably raised the issue of personal jurisdiction. Because Horton failed to raise any objection to personal jurisdiction in his first appearance before the court, he waived any such objection.

**{¶10}** We note that Horton argued for the first time at oral argument that he was never properly served with the administrative order from CSEA. But Horton never raised this argument below. Outside of the jurisdictional arguments, the only issue raised by Horton involved notice of the hearing at which he appeared. He never raised any issue regarding service of the administrative order. By failing to raise this argument below, he waived his right to assert it on appeal. *See, e.g., Ditech Fin., LLC v. Balimunkwe*, 1st Dist. Hamilton No. C-180445, 2019-Ohio-3806, ¶ 11, quoting *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) ("It is a universal principle of appellate procedure that '[a] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal].' ").

### III. Conclusion

{¶11} Because we hold that Horton waived any objection to personal jurisdiction, we overrule the sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.