[Cite as *Lopez v. Quezada*, 2014-Ohio-367.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Maxwell Olavarria Lopez/dba　　　　　　:
Grown Sexy Entertainment,

　　　　　　　　　　　　　　　　　　:　　　　Nos. 13AP-389
　　　　　Plaintiff-Appellee,　　　　　　　　　　and
　　　　　　　　　　　　　　　　　　:　　　　13AP-664
　　　　　　　　　　　　　　　　　　　　(C.P.C. No. 12CV-10-12575)
v.　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　:
Raul Quezada /dba Tipsy Bar & Grill,　　　　　(REGULAR CALENDAR)

　　　　　　　　　　　　　　　　　　:
　　　　　Defendant-Appellant.
　　　　　　　　　　　　　　　　　　:

---

D E C I S I O N

Rendered on February 4, 2014

---

*Soroka & Sidoti, LLC*, *Roger Soroka*, *Todd D. Sidoti* and
*Joshua Bedtelyon*, for appellee.

*Lane, Alton & Horst LLC*, *Timothy J. Owens* and *Scott A.
Fenton*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Raul Quezada, appeals two judgments of the Franklin County Court of Common Pleas: (1) a judgment that granted defendant-appellee, Maxwell Olavarria Lopez, default judgment, and (2) a judgment that denied Quezada relief from the default judgment. For the following reasons, we affirm in part and reverse in part the default judgment, and we affirm the judgment denying relief from the default judgment.

{¶ 2} On October 3, 2012, Lopez filed suit against Quezada, alleging claims for breach of contract and fraud in the inducement. The complaint alleged that Lopez owned and operated a business called "Grown Sexy Entertainment" ("Grown Sexy"), and

Quezada owned and operated a business called "The Tipsy Bar & Grill" ("Tipsy").  On March 2, 2011, "Lopez, acting on behalf of his company, Grown Sexy Entertainment, did enter into a written contract with The Tipsy Bar and Grill."  (R. 2 at ¶ 5.)  Under the contract, the parties agreed that Grown Sexy would promote events at Tipsy in return for all the profits generated from the "cover" charge paid by patrons to enter Tipsy on the nights of the promotions.  Although the parties agreed to a three-month contractual term, Quezada terminated the contract after only one month.

{¶ 3}   Lopez directed the Franklin County Clerk of Courts to serve Quezada at 1020 Oakland Park Avenue in Columbus, Ohio, by certified mail.  The clerk complied.  On November 13, 2012, the certified mail was returned to the clerk stamped "unclaimed." Lopez then requested that the clerk serve Quezada at the same address by ordinary mail. The clerk sent a complaint and summons to Quezada by ordinary mail on November 27, 2012.  That mail was not returned to the clerk.

{¶ 4}   Quezada did not answer or otherwise respond to the complaint.  Thus, on January 15, 2013, Lopez moved for default judgment.  The trial court granted Lopez's motion and referred the matter to a magistrate for a damages hearing.

{¶ 5}   Lopez appeared at the damages hearing and testified.  Quezada did not attend the hearing.  After the hearing, the magistrate issued a decision recommending that the trial court award Lopez $16,000 in compensatory damages and $32,000 in punitive damages.  In a judgment dated April 9, 2013, the trial court adopted the magistrate's decision.

{¶ 6}   On May 9, 2013, Quezada moved for relief from the April 9, 2013 judgment under Civ.R. 60(B)(1) and (5).  Quezada attached to his motion an affidavit in which he stated that he owned the house located at the address served—1020 Oakland Park Avenue—but he and his family had moved out of that house in March 2012.  Quezada denied receiving service of the complaint and summons.  He claimed that he first learned of Lopez's lawsuit against him when he received a copy of the magistrate's decision in the mail at the Oakland Park house.

{¶ 7}   On the same day that he moved for relief from the April 9, 2013 judgment, Quezada filed a notice that he was appealing that judgment.  We remanded the case to the trial court so that it could rule on the motion for relief from judgment.  After the remand,

the trial court issued an entry stating that a hearing was necessary to determine the validity of Quezada's assertion that he was not served. The trial court, therefore, scheduled a hearing before a magistrate. That hearing never occurred. The parties filed a stipulation stating that they "stipulate[d] and respectfully request[ed] that Defendant's Motion for Relief from Judgment, filed May 9, 2013, be decided on the written briefing submitted by the parties and that the August 5, 2013 hearing scheduled on the Motion be vacated." (R. 72.)

{¶ 8} The trial court complied with the parties' wishes. On July 3, 2013, the trial court entered judgment denying Quezada's motion for relief from judgment. Quezada then appealed that judgment to this court, where we consolidated Quezada's two appeals.

{¶ 9} On appeal from the April 9, and July 3, 2013 judgments, Quezada assigns the following errors:

> 1. The trial court erred in its Decision and Entry, dated July 3, 2013, by denying Defendant Raul Quezada's motion for relief from judgment.
>
> 2. The trial court erred in its Decision and Entry, dated July 3, 2013, by failing to consider Ohio law and the uncontroverted evidence presented by Defendant Raul Quezada that Plaintiff failed to state a claim against Defendant for both fraud and punitive damages.
>
> 3. The trial court erred by granting a default judgment against Defendant Raul Quezada dba Tipsy Bar & Grill.
>
> 4. The trial court erred by granting a default judgment on Plaintiff's fraud claim as such was not pleaded with particularity.
>
> 5. The trial court erred by granting an award of punitive damages without any allegations or evidence of ill will, hatred or gross or egregious misconduct by Defendant Raul Quezada.

{¶ 10} We will begin our analysis with Quezada's third assignment of error. By that assignment of error, Quezada argues that the trial court erred in granting default judgment against him because he cannot be liable under the contract. We disagree.

{¶ 11} Under Civ.R. 55(A), when a party against whom judgment is sought fails to plead or otherwise defend, the opposing party may apply to the court for a default

judgment. An appellate court reviews a trial court's decision to grant or deny a motion for default judgment for abuse of discretion. *Bank of Am., N.A. v. Malone*, 10th Dist. No. 11AP-860, 2012-Ohio-3585, ¶ 18; *Discover Bank v. Schiefer*, 10th Dist. No. 09AP-1178, 2010-Ohio-2980, ¶ 5.

{¶ 12} A default judgment is proper against an unresponsive defendant " 'as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims.' " *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986), quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981). Civ.R. 55 is logically consistent with Civ.R. 8(D), which provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." *Ohio Valley Radiology* at 121. Pursuant to Civ.R. 8(D), an unresponsive defendant's failure to deny the specific allegations in a complaint results in the admission of those allegations. *Shearer v. Creekview Village of Broadview Hts. Homeowners' Assn., Inc.*, 8th Dist. No. 94549, 2010-Ohio-5786, ¶ 13; *Burdge v. On Guard Security Servs., Inc.*, 1st Dist. No. C-050522, 2006-Ohio-2092, ¶ 7. An admission to a factual allegation in a pleading is equivalent to proof of the fact admitted, so the plaintiff does not have to prove that allegation with evidence. *Id.*; *Everett v. Cinque*, 10th Dist. No. 99AP-1409 (Aug. 31, 2000). Consequently, when a defendant fails to contest the factual allegations raised in the complaint, default judgment is appropriate because the defendant has admitted to the facts that establish the plaintiff's claims.

{¶ 13} Importantly, the foregoing presupposes that the plaintiff pleaded sufficient facts to support its claims. "A plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant." *Beach Body Tanning, Inc. v. Kovach*, 8th Dist. No. 85142, 2005-Ohio-2629, ¶ 26; *accord Vikoz Ents., LLC v. Wizards of Plastic Recycling, Inc.*, 9th Dist. No. 25759, 2011-Ohio-4486, ¶ 7 ("A default judgment cannot lie against a defendant for claims that were not asserted."). Therefore, where the plaintiff has failed to state a claim, default judgment on that claim is improper. *Id.*; *Whiteside v. Williams*, 12th Dist. No. 2006-06-021, 2007-Ohio-1100, ¶ 12; *Girard v. Leatherworks Partnership*, 11th Dist. No. 2004-T-0010, 2005-Ohio-4779, ¶ 38; *Kovach* at ¶ 26; *Morgan v. Chamberlin*,

2d Dist. No. 00CA0017 (Oct. 13, 2000); *Ford v. Estate of Tonti*, 10th Dist. No. 94APE10-1488 (June 15, 1995).

{¶ 14} Here, Quezada argues that he cannot be liable under the contract because he has never done business as "The Tipsy Bar & Grill," he did not sign the contract, and the person who signed the contract on Tipsy's behalf is not his agent.  While Quezada may have pursued these defenses had he answered the complaint, his failure to answer means that he has admitted facts contrary to these defenses.  By not answering the complaint, Quezada admitted that he is the owner and operator of Tipsy, and that he and Lopez entered into the contract at issue.  Based on these admissions, Quezada is liable under the contract.  The trial court, therefore, did not err in granting Lopez default judgment on his claim for breach of contract.  Accordingly, we overrule Quezada's third assignment of error.

{¶ 15} By Quezada's fourth assignment of error, he argues that the trial court erred in granting default judgment on Lopez's fraudulent inducement claim because it was not pleaded with particularity.  We agree.

{¶ 16} Civ.R. 9(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  To satisfy this requirement, a pleading must contain allegations of fact that tend to show each and every element of a cause of action for fraud.  *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, ¶ 50 (2d Dist.).  Moreover, the pleading must include the time, place, and content of the false representation; the fact represented; the individual who made the representation; and the nature of what was obtained or given as a consequence of the fraud.  *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 26; *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 433 (10th Dist.1999).

{¶ 17} Failure to specifically plead the facts constituting an alleged fraud results in a defective claim that cannot withstand a Civ.R. 12(B)(6) motion for failure to state claim.  *Brooks* at ¶ 26; *Herres* at ¶ 50.  As we stated above, when a plaintiff fails to state a claim, a court cannot grant default judgment with regard to that alleged claim.  Consequently, if Lopez failed to plead his fraudulent inducement claim with particularity, the trial court erred in granting default judgment on that claim.

{¶ 18} A claim for fraudulent inducement arises when one person induces another to enter into an agreement through fraud or misrepresentation. *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502 (1998). To prove fraud in the inducement, "a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *Id.*

{¶ 19} Here, the complaint contains no allegation that Quezada made any knowing, material misrepresentations to Lopez with the intent of inducing Lopez's reliance. Instead, the complaint merely states, "Prior to entering into a written contract, Defendant did make certain oral representations to Plaintiff, including but not limited to the potential financial gain of their joint business venture and the anticipated length of said business venture." (R. 2 at ¶ 12.) While this allegation generally identifies the content of Quezada's purported representations to Lopez, it does not specify the actual facts represented or claim that those facts were untrue. There are also no allegations that Quezada knew that the representations made were false or that Quezada made them with intent to induce Lopez's reliance. Given the deficiencies in the complaint, we conclude that Lopez failed to state a claim for fraudulent inducement. The trial court, therefore, erred in granting Lopez default judgment on that claim. Accordingly, we sustain Quezada's fourth assignment of error.

{¶ 20} By the fifth assignment of error, Quezada argues that the trial court erred in awarding Lopez punitive damages when no such damages were demanded as relief in the complaint. We agree.

{¶ 21} "[A] judgment by default is subject to the limitations of Rule 54(C)." Civ.R. 55(C). According to Civ.R. 54(C):

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings.

{¶ 22} Generally, a plaintiff need not specially plead or claim punitive damages. *Kalbfell v. Marc Glassman, Inc.*, 7th Dist. No. 02 CO 5, 2003-Ohio-3489, ¶ 42, 46; *Lambert v. Shearer*, 84 Ohio App.3d 266, 273 (10th Dist.1992). Under the second

sentence of Civ.R. 54(C), even if a plaintiff has not demanded punitive damages in its complaint, it will receive those damages if it proves entitlement to them. However, the second sentence does not apply to cases that end in default judgment. "[W]hen a default judgment is rendered against a party, the only relief that the party seeking the default judgment may obtain is relief that is requested in the pleadings or relief that is 'in kind' to the relief requested in the pleadings." *State ex rel. DeWine v. A & L Salvage*, 7th Dist. No. 11 CO 39, 2013-Ohio-664, ¶ 27. This limitation on default judgment is to ensure that the complaint notifies the defendant of the potential liability to which it is exposed so that it may make a rational decision whether to defend the action. *Fors v. Beroske*, 6th Dist. No. F-12-001, 2013-Ohio-1079, ¶ 12; *White Oak Communities, Inc. v. Russell*, 10th Dist. No. 98AP-1563 (Nov. 9, 1999). "The Civil Rules, along with fundamental due process, require that a defendant not be subjected to an additional, unpled monetary liability as a consequence of his failure to answer a complaint." *Masny v. Vallo*, 8th Dist. No. 84983, 2005-Ohio-2178, ¶ 18.

{¶ 23} Ohio courts have not specifically addressed whether a plaintiff may recover punitive damages in a default judgment when the complaint does not include a demand for such damages. Federal courts, however, have answered this question negatively, withholding punitive damages because the defaulting party receives no notice that such damages might be awarded. *Dor Yeshurim, Inc. v. A Torah Infertility Medium of Exchange*, E.D.N.Y. No. CV 10-2837(JFB)(WDW) (Aug. 10, 2011), *adopted*, (Feb. 10, 2012) ("As the complaint did not put defendant on notice that it was potentially subject to punitive damages, they may not be assessed as part of the default judgment."); *Murphy v. Islamic Republic of Iran*, 740 F.Supp.2d 51, 79-80 (D.D.C.2010) (due to the dictates of Fed.R.Civ.P. 54(c), "in this default judgment, the Court will only award punitive damages to those plaintiffs who have demanded them"); *Landstar Ranger, Inc. v. Parth Ents., Inc.*, 725 F.Supp.2d 916, 923-24 (C.D.Cal.2010), quoting *Family Tree Farms, LLC v. Alfa Quality Produce, Inc.*, E.D.Cal. No. 1:08-cv-00481-AWI-SMS (Mar. 5, 2009), *adopted*, (Apr. 20, 2009) (" '[I]t would be inappropriate for Plaintiff to recover punitive damages in the instant application because such damages are beyond the scope of the complaint, and thus no meaningful notice has been given of a demand for punitive damages.' "). As Civ.R. 54(C) closely tracks the language Fed.R.Civ.P. 54(c), we find these cases persuasive

and adopt their reasoning. *See Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 18 (holding that, in interpreting an Ohio rule of civil procedure, "federal case law that interprets [a similar] federal rule [of civil procedure], while not controlling, is persuasive").

{¶ 24} Here, Lopez did not demand punitive damages in the complaint. Quezada, therefore, had no notice that he could be liable for such damages. Consequently, under Civ.R. 54(C), the April 9, 2013 default judgment could not award Lopez punitive damages. Accordingly, we sustain Quezada's fifth assignment of error.

{¶ 25} Having addressed the assignments of error challenging the April 9, 2013 default judgment, we pause to summarize our conclusions. We first conclude that the trial court erred in entering default judgment on Lopez's claim for fraudulent inducement and in awarding Lopez punitive damages. This conclusion requires the reversal of the default judgment to the extent that it awarded Lopez $32,000 in punitive damages. We, however, also conclude that the trial court did not err in granting default judgment on Lopez's claim for breach of contract. Thus, we affirm the default judgment to the extent that it awarded Lopez $16,000 in compensatory damages.

{¶ 26} As part of the April 9, 2013 default judgment has survived our review, we must turn to the remaining assignments of error, which challenge the trial court's denial of Quezada's Civ.R. 60(B) motion for relief from judgment. Quezada's first assignment of error contains two arguments: (1) the April 9, 2013 judgment must be vacated because the trial court lacked personal jurisdiction over Quezada when it entered that judgment, and (2) relief from judgment is appropriate under Civ.R. 60(B)(1) because Quezada has demonstrated excusable neglect. We disagree with both arguments.

{¶ 27} By his first argument, Quezada contests the trial court's possession of personal jurisdiction over him. Personal jurisdiction is the authority of a court to enter a constitutionally binding judgment on a particular defendant. *Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, ¶ 12. A defendant must raise the lack of personal jurisdiction in its first pleading, motion, or appearance. *Evans v. Evans*, 10th Dist. No. 08AP-398, 2008-Ohio-5695, ¶ 11. If a defendant appears and participates in the case without objection, it waives any defense based on lack of personal jurisdiction. *Id.*; *Harris v. Mapp*, 10th Dist. No. 05AP-1347, 2006-Ohio-5515, ¶ 11; *accord State ex rel.*

*Skyway Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, ¶ 16 ("[A]ny objection to assumption of personal jurisdiction is waived by a party's failure to assert a challenge at its first appearance in the case, and such defendant is considered to have consented to the court's jurisdiction."); *Beachler v. Beachler*, 12th Dist. No. CA2006-03-007, 2007-Ohio-1220, ¶ 17 ("If the defendant makes an appearance in the action, either in person or through his or her attorney, without raising the defense of lack of personal jurisdiction, then the defendant is considered to have waived that defense."); *NetJets, Inc. v. Binning*, 10th Dist. No. 04AP-1257, 2005-Ohio-3934, ¶ 6 ("Participation in the case can also waive any defect in personal jurisdiction.").

{¶ 28} Here, Quezada's first action before the trial court was to move for relief from judgment under Civ.R. 60(B). That motion does not raise the issue of personal jurisdiction. Although Quezada alleged in his attached affidavit that he did not receive the complaint and summons, he only used that allegation to support his excusable neglect argument. Quezada, consequently, waived any challenge to the trial court's exercise of personal jurisdiction over him.

{¶ 29} Moreover, even if no waiver occurred, Quezada's personal jurisdiction argument fails. Quezada argues that his sworn statement that he did not receive service of the complaint entitles him to relief from the April 9, 2013 judgment. Quezada is incorrect. Quezada's statement only entitled him to a hearing on the question of whether service was accomplished. *Galbreath v. Martin*, 10th Dist. No. 11AP-348, 2011-Ohio-5852, ¶ 10; *Green* at ¶ 15. The trial court afforded Quezada the opportunity for that hearing, but he voluntarily rejected it. Consequently, we conclude that the April 9, 2013 default judgment is not void for lack of personal jurisdiction.

{¶ 30} By Quezada's second argument, he contends that the trial court erred in denying him relief from judgment under Civ.R. 60(B)(1). To prevail on a Civ.R. 60(B) motion, a party must demonstrate that: (1) it has a meritorious claim or defense to present if the court grants it relief; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) it filed the motion within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or

taken.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  If the moving party fails to demonstrate any of these three requirements, the trial court should overrule the motion.  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).  A trial court exercises its discretion when ruling on a Civ.R. 60(B) motion, and thus, an appellate court will not disturb such a ruling on appeal absent an abuse of discretion.  *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶ 31} Here, Quezada sought relief under Civ.R. 60(B)(1), which allows a trial court to relieve a party from a judgment on a showing of "mistake, inadvertence, surprise or excusable neglect."  The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' "  *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc.* at 153.  The inquiry into whether a moving party's inaction constitutes excusable neglect must take into consideration all the individual facts and circumstances in each case.  *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980).

{¶ 32} Quezada argues that his failure to timely answer or otherwise defend was a result of his failure to receive service of the complaint and summons.  According to Quezada, he did not learn of the instant action until April 25, 2013, when he received a copy of the magistrate's April 8, 2013 decision in the mail.  Thus, Quezada concludes, he did not participate in the action because he was unaware of it, not because of disregard for the judicial system.

{¶ 33} The trial court did not believe Quezada's claim of ignorance.  The complaint and summons were mailed to a residence that Quezada owned, although he did not reside there.  Quezada received mail at that address, as demonstrated by his receipt of the magistrate's decision.  The trial court, therefore, concluded that Quezada's failure to respond to the action did not stem from excusable neglect, but from an intentional decision to ignore the action.  We perceive no abuse of discretion in the trial court's conclusion.  As Quezada failed to prove excusable neglect, the trial court did not err in denying his motion on that ground.

{¶ 34} In sum, we reject both of the arguments included in Quezada's first assignment of error.  Accordingly, we overrule that assignment of error.

{¶ 35} By his second assignment of error, Quezada argues that the trial court erred in denying his request for relief under Civ.R. 60(B)(5), which allows relief from judgment "for any other reason justifying" such relief. Quezada asserts that Lopez's failure to state any claim in the complaint entitles him to relief under Civ.R. 60(B)(5).

{¶ 36} Our court has rejected failure to state a claim as a Civ.R. 60(B)(5) ground for relief from judgment. In *Taris v. Jordan*, 10th Dist. No. 95APE08-1075 (Feb. 20, 1996), we stated, "While the failure of a complaint to state a claim may constitute a meritorious defense meeting one of the three prongs of *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, the failure to state a claim upon which relief may be granted, in itself, generally does not constitute grounds for relief from judgment."

{¶ 37} Moreover, even if failure to state a claim could fit within Civ.R. 60(B)(5), Quezada would not prevail here. To show entitlement to relief from judgment, Quezada would have to establish that Lopez failed to state a claim for both fraudulent inducement and breach of contract. Quezada maintains that Lopez failed to state a claim for breach of contract because the complaint failed to allege that Quezada entered into a contract with Lopez. Quezada is incorrect. Such an allegation is in the complaint. Accordingly, we overrule Quezada's second assignment of error.

{¶ 38} For the foregoing reasons, we overrule the first, second, and third assignments of error, and we sustain the fourth and fifth assignments of error. We affirm in part and reverse in part the April 9, 2013 judgment of the Franklin County Court of Common Pleas, and we affirm the July 3, 2013 judgment of the Franklin County Court of Common Pleas.

*April 9, 2013 judgment affirmed in part and reversed in part;*
*July 3, 2013 judgment affirmed.*

CONNOR and O'GRADY, JJ., concur.