[Cite as *Gibbs v. Burley*, 2020-Ohio-38.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Basil Gibbs, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 19AP-141<br>(C.P.C. No. 18CV-5632) |
| Ernest Burley et al., | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| (Kelvin Burley, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on January 9, 2020

**On brief:** *Kelvin Burley,* pro se.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} This case involves an adult son allegedly punching a person in the face on the property of and in connection with businesses owned or operated by the aggressor's father. The person who was struck sued the son who punched him, and also sued the businesses and the father. Various defendants were found to be in default of an answer, but only the father properly appealed. The question before us is whether the facts as pleaded in the complaint give rise to liability on the part of the father. Our answer, at least with respect to the complaint as currently constituted, is no.

{¶ 2}  Defendant-appellant Kelvin Burley appeals from a default judgment entered by the Franklin County Court of Common Pleas. Although the default judgment is against multiple parties, only Kelvin Burley has filed a timely appeal. By way of procedural background, we note that on May 18, 2019, Kelvin Burley's counsel filed in the trial court a Civil Rule 60(B) motion for relief from judgment; we stayed the appeal until the trial court had ruled on that motion. *See* Aug. 21, 2019 Journal Entry. On the recommendation of a magistrate, the trial court denied the motion. Oct. 4, 2019 Magistrate's Decision Denying Defendants' Motion for Relief from Judgment; Oct. 30, 2019 Decision and Entry Adopting Magistrate's Decision.  That ruling has not been appealed, but Kelvin Burley did file here motions asking us to "reactivate" the case and to allow supplemental briefing. Oct. 14, 2019 Motion to Reactivate; Oct. 14, 2019 Motion to Allow Re-Briefing of Case.  We granted those motions, permitting Kelvin Burley to file supplemental briefing "within 15 days of the filing of [that] entry" and permitting appellee Basil Gibbs to file a brief "within 15 days of the filing of appellant's supplemental brief." Nov. 4, 2019 Journal Entry.  Neither party filed such briefs.  Through counsel, too, Burley Trucking, LLC and JAC Burley Trucking, LLC moved to be added as appellants (although they had not timely filed any notice of appeal).  Oct. 14, 2019 Motion.  We denied that motion.  Nov. 4, 2019 Journal Entry.  Pursuant to a motion subsequently filed by Kelvin Burley, we stayed execution of the trial court's judgment as to him pending determination of his appeal, *see* Dec. 16, 2019 Motion and Dec. 19, 2019 Journal Entry, to which we now turn.

{¶ 3}  Basil Gibbs filed a lawsuit against Kelvin Burley's son Ernest Burley, and also named as defendants Kelvin Burley; Burley Trucking, LLC; JAC Burley Trucking, LLC; and John Does 1 and 2.  The complaint alleged that (son) Ernest Burley had punched Mr. Gibbs in the face while acting as an employee of trucking companies incorporated by (father)

Kelvin Burley and/or Jacqueline Simmons Burley. July 2, 2018 Complaint at ¶ 3, 4, 11, 13, 25. "At all times relevant herein," the complaint recited, "Defendants Ernest Burley and Kelvin Burley were active participants in the business operations of the defendants Burley Trucking and JAC Burley Trucking." *Id.* at ¶ 7. More specifically, the complaint alleged, "[o]n or about March 25, 2017, Ernest Burley * * * was the son of Kelvin Burley, the owner of Burley Trucking, LLC and a management employee of Burley Trucking, LLC, and JAC Burley Trucking, LLC, directing low level employees and advising the owners in day to day operation of the companies." *Id.* at ¶ 11. On that day, too, Mr. Gibbs "was a business invitee" of those companies. *Id.* at ¶ 10.

{¶ 4} The complaint further alleges that on March 25, 2017, "Mr. Gibbs and Ernest [Burley] walked onto the trucking company properties [from across the street] and were talking briefly before Ernest suddenly and without provocation or warning struck Mr. Gibbs in the face and jaw with his fist in the form of a blow commonly known as a 'sucker punch.' " *Id.* at ¶ 13. "Immediately before the punch was thrown, Mr. Gibbs was looking at Kelvin Burley and talking to him, and the next thing Mr. Gibbs knew, Ernest delivered the sucker punch blow to his face and jaw." *Id.* at ¶ 14. The attack "left Mr. Gibbs * * * fearful of any follow up or successive attack by Ernest * * *. However, after the attack Ernest ran away." *Id.* at ¶ 16.

{¶ 5} The complaint claims that "Kelvin Burley, Burley Trucking and JAC Burley Trucking[] and their ownership and management were negligent in the hiring and retention (continued employment) of Ernest Burley given his criminal record propensity for violence and history of perpetrating aggressive behavior toward others including co-workers and the public during work hours and on his free time." *Id.* at ¶ 18. Beyond this Count One claim for "Negligence," the complaint adds overlapping claims for "Respondeat Superior" (Count

Two), "Negligent Hiring, Training, and/or Supervision" (Count Three), and "Recklessness" (Count Four). *See id.* at pages 3, 6, 7 (capitalizations adjusted).

{¶ 6} The trial court found that service of the complaint was completed on Kelvin Burley on July 9, 2018, but that he did not file an answer. *See* Magistrate's Decision Denying Defendants' Motion for Relief from Judgment at 1; *compare* October 29, 2018 Entry of Default Judgment. The month after service, on August 23, 2018, Mr. Gibbs filed a motion for default judgment against all defendants *except* Ernest Burley, the one alleged to have thrown the punch. The trial court granted the default and referred the matter to a magistrate for a damages hearing, at which Kelvin Burley appeared and gave testimony (including the information that "Defendant Ernest Burley is incarcerated"); the magistrate awarded Mr. Gibbs $36,240 in damages against Kelvin Burley and the trucking companies together (including $11,240 in past and future medical expenses), and the trial court adopted the magistrate's decision. January 15, 2019 Magistrate's Decision on Damages; February 26, 2019 Judgment Entry Adopting the Magistrate's January 15, 2019 Decision on Damages.

{¶ 7} It is from this judgment that Kelvin Burley appeals. He assigns one error for our review: "The trial court erred and abused it's [sic] discretion in dismissing Appellant's action." Appellant's Brief at 7. We interpret this statement to mean that the trial court erred in granting the judgment it did rather than dismissing the action against him. *Compare Harris v. Dept. of Rehab & Corr.*, 10th Dist. No. 14AP-668, 2015-Ohio-1237, ¶ 8 ("in the interest of justice, to the extent we are able to discern the issue and any implied error, we will address them * * * ").

{¶ 8} "A default judgment is proper against an unresponsive defendant ' "as [and, we would add here, to the extent that] liability has been admitted or 'confessed' by the

omission of statements refuting the plaintiff's claims." ' " *Lopez v. Quezada*, 10th Dist. 13AP-389, 2014-Ohio-367, ¶ 12, quoting *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118,121 (1986), quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist.1981). "Pursuant to Civ.R. 8(D), an unresponsive defendant's failure to deny the specific allegations in a complaint results in the admission of those allegations." *Lopez* at ¶ 12 (citation omitted).

{¶ 9} However, an overarching principle to guide a trial court in considering a default judgment application is that " '[a] plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant.' " *Id.* at ¶ 13 (citation omitted). "On appeal, * * * we must ascertain whether the plaintiff pleaded sufficient facts to support the claim, and otherwise pleaded a claim for which relief may be granted." *Huntington Natl. Bank v. R Kids Count Learning Ctr., LLC*, 10th Dist. No. 16AP-688, 2017-Ohio-7837, ¶ 15 citing *Lopez* at ¶ 13, citing *Whiteside v. Williams*, 12th Dist. No. 2006-06-021, 2007-Ohio-1100, ¶ 12. "As part of our review of the trial court's exercise of discretion in granting default judgment, therefore, we must examine the complaint to see whether it can 'withstand a Civ.R. 12(B)(6) motion for failure to state a claim.' " *Huntington* at ¶ 15, quoting *Lopez* at ¶ 17. " '[W]hen a plaintiff fails to state a claim, a court cannot grant default judgment with regard to that alleged claim.' " *Id.* Consequently, we return to Mr. Gibbs's complaint.

{¶ 10} Counts One and Three of the complaint both allege theories related to negligent hiring. Count Three recites more crisply that "Defendants Kelvin Burley, Burley Trucking and JAC Burley Trucking negligently and/or recklessly hired, trained and/or supervised and retained Defendant Ernest Burley as an employee of the Named trucking Defendants," Complaint at ¶ 30, while Count One similarly alleges that "Kelvin Burley, Burley Trucking and JAC Burley Trucking, and their ownership and management were

negligent in the hiring and retention (continued employment) of Ernest Burley given his criminal record propensity for violence and history of perpetrating aggressive behavior toward others including c0-workers and the public during work hours and on his free time," *id.* at ¶ 18 (adding at ¶ 19 that "Defendant John Doe # 1 was an agent, employee and/or staff member of Burley Trucking, and JAC Burley Trucking or an agent of Burley Trucking, LLC who was acting within his or her authorized course and scope of employment or position within the company whose name and address could not be discovered, thereby imputing the negligence of John Doe # 1 to Defendants Kelvin Burley, Burley Trucking and JAC Burley trucking").

{¶ 11} To make out a claim for negligent hiring, "the following elements must be demonstrated: (1) the existence of an employment relationship, (2) the employee's incompetence, (3) *the employer's* actual or constructive knowledge of such incompetence, (4) *the employer's* act or omission causing plaintiff's injuries, and (5) *the employer's* negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Saavedra v. Mikado Japanese Steak House & Sushi*, 1oth Dist. No. 14AP-757, 2015-Ohio-778, ¶ 6 (citation omitted) (emphasis added).  Because Kelvin Burley did not answer the complaint, he is deemed to have admitted under these Counts the details of the attack by Ernest as alleged and that, among other things, both he and Ernest "were active participants in the business operations of the defendants Burley Trucking and JAC Burley Trucking," Complaint at ¶ 7; that Ernest "was the son of Kelvin Burley, the owner of Burley Trucking, LLC and a management employee of Burley Trucking, LLC, and JAC Burley Trucking, LLC, directing low level employees and advising the owners in day to day operation of the companys [sic]," *id.* at ¶ 11; and that Ernest had a "criminal record propensity for violence and history of aggressive behavior," *id.* at ¶ 18.  Again, however, the gravamen of these

counts is that father Kelvin Burley and the trucking companies were "negligent in the hiring and retention (continued employment)" of Ernest Burley, and that they "negligently and/or recklessly hired, trained and/or supervised and retained Defendant Ernest Burley as an employee of the Named trucking Defendants." *Id.* at ¶ 18, 30.

{¶ **12**} While the allegations of the complaint, fairly read, portray an employer-employee relationship between Ernest Burley and the two trucking companies, they do not allege that Ernest was in the employ of his father as an individual. Rather, although paragraph 11 of the complaint is somewhat ambiguous as to who (between son Ernest and Burley Trucking owner Kelvin) was "a management employee of Burley Trucking, LLC, and JAC Burley Trucking, LLC, directing low level employees and advising the owners in day to day operation of the compan[ies]," the complaint is clear that the assertions of negligent hiring and the like are with regard to the employment of "Defendant Ernest Burley as an employee of the Named trucking Defendants.," *id.* at ¶ 30.

{¶ **13**} The complaint provides no cause to disregard the corporate form of the trucking companies, and it would be their employment relationship with Ernest Burley and their hiring, training, and retention of him that would be at issue in a negligent hiring claim. Put another way, the complaint does not allege the elements necessary to negligent hiring and the like (including "the employer's negligence" in hiring) with regard to Kelvin Burley individually, who is not alleged to be the employer. *Compare*, *Colston v. Cleveland Pub. Library*, 522 Fed.Appx. 332, 338 (6th Cir.2013) ("Colston's Ohio state-law claim for negligent hiring, retention, supervision, and failure to train ('negligent hiring') fails as a matter of law. Because the negligent hiring claim can only be asserted against the Library, and not individuals, the district court correctly held that [the plaintiff] cannot pursue such a claim against" named individual people); *Strock v. Pressnell*, 38 Ohio St.3d 207, 217

(1988) ("an underlying requirement in actions for negligent supervision and negligent training is that [an] employee [read, Ernest Burley] is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer [here, allegedly, the trucking companies]").

{¶ 14} For similar reasons, Mr. Gibbs's claim that Kelvin Burley is responsible under a theory of "respondeat superior" for the bad acts of Ernest as an employee of the trucking companies also fails. *See, e.g., Buckeye Ret. Co., LLC, Ltd. v. Busch*, 2d Dist. No. 2016-CA-32, 2017-Ohio-4009, ¶ 112, quoting *Hauser v. Dayton Police Dept.*, 140 Ohio St.3d 268, 2014-Ohio-3636, ¶ 11 for the proposition that "[r]espondeat superior speaks only to the vicarious liability of an *employer*; it does not simultaneously create an express cause of action against individual agents and servants of the employer." (Emphasis in both decisions.) Although the complaint here alleged that Ernest Burley somehow was acting within the course and scope of his trucking company employment when he launched his sudden attack, *compare Bauman v. Bob Evans Farms, Inc.*, 10th Dist. No. 06AP-737, 2007-Ohio-145, ¶ 13 (for an employer to be liable for an intentional tort under respondeat superior, the tort has to have been "calculated to facilitate or promote the employer's business or interest"); *Cooper v. Grace Baptist Church, Inc.*, 81 Ohio App.3d 728, 737 (10th Dist.1992) ("[t]he employer/principal is not liable for the independent, self-serving conduct of its employee/agent which does not so facilitate its business"), Kelvin Burley individually is not liable under a theory of respondeat superior on the basis of the facts as alleged. In this context, although an employer can be liable under the doctrine of respondeat superior where the tort was calculated to promote the employer's business interests, respondeat superior cannot be stretched to claim individual liability on the part of Kelvin Burley (either as a supervisor or as a father).

{¶ 15} For another reason, too, a theory of respondeat superior would not make Kelvin responsible for his son having acted "suddenly and without provocation or warning," complaint at ¶ 13, or for "the impulsiveness of Ernest Burley," *id.* at ¶ 26: Under such a theory, at least, even "the employer would not be liable if an employee physically assaulted a patron without provocation * * *. '[A]n intentional and willful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor.' " *Byrd v. Faber*, 57 Ohio St.3d 56, 59 (1991) (citations omitted).

{¶ 16} Finally, Count Four seems to repackage the negligent hiring and respondeat superior theories of the three preceding counts. With regard to Kelvin Burley himself, the complaint recites no facts to support its bald conclusions that he displayed "wanton reckless malice, indifference and malicious disregard for the safety of others," complaint at ¶ 36, or "demonstrated a willful, wanton and malicious disregard for the safety of others," *id.* at ¶ 34, and the formulaic allegation that he (in addition to the trucking companies) "expressly or impliedly authorized participated in or ratified the willful and malicious conduct," *id.* at ¶ 33, does not, in context, state any sort of negligence (or "recklessness") claim against Kelvin Burley in Count Four. *Compare, e.g., Hendrickson v. Haven Place, Inc.*, 8th Dist. No. 100816, 2014-Ohio-3726, ¶ 26, 27, 30 ("there are no factual allegations that would lead to reckless, wanton, or willful conduct." Under notice pleading requirements, a "well-pled complaint must include factual allegations going to each element of the claim, and conclusory statements without any factual allegations in support are insufficient. * * * * Here, there is no link or any factual allegations that would lead to the conclusion that county employees acted recklessly, wantonly, or in clear disregard for a foreseeable risk of harm, even where facts are construed in [plaintiff's] favor. 'Ohio remains a notice pleading state,

but the complaint must still advance a rational basis for holding a defendant liable' ") (citations omitted); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988) ("Unsupported *conclusions* that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion") (emphasis in original; claim of intentional tort against employer); *Michelson v. Volkswagen Aktiengesellschaft*, 8th Dist. No. 105960, 2018-Ohio-1303, ¶ 24 (upholding dismissal of CPSA claim; "bare legal conclusion * * * is not supported by any facts in the complaint"; " 'obligation to provide the grounds of * * * entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do' ") (citation omitted).

{¶ 17} What the complaint does allege factually is that Kelvin Burley had been "talking briefly" with *Mr. Gibbs* "before Ernest suddenly and without provocation or warning struck Mr. Gibbs in the face and jaw" with a " 'sucker punch.' " *Id.* at ¶ 13. What the complaint elsewhere calls "the impulsiveness of Ernest Burley" is not on these facts chargeable to Kelvin Burley, who is not said to have planned, anticipated, ordered, or directed the "sudden[ ]" punch, or to have undertaken any action in aid of Ernest Burley thereafter. *Compare also, e.g., State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989) ("Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss") (citations omitted).

{¶ 18} So in a nutshell, Kelvin Burley's son Ernest Burley apparently punched Basil Gibbs while allegedly acting "as an employee of the Named trucking Defendants" operated at least in part by Kelvin. The "sucker punch" came "suddenly" and "without provocation." The circumstances as described by the complaint and without more do not make the father liable for the sins of the son on the asserted and related theories of negligence, recklessness,

or respondeat superior. Because the trial court abused its discretion in granting the default judgment against Kelvin Burley, we reverse that judgment of the Franklin County Court of Common Pleas (as to Kelvin Burley) and remand the matter to the trial court for further proceedings in accordance with this decision.[1]

*Judgment reversed; case remanded.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____

---

[1] We deny Mr. Gibbs's motion filed January 3, 2020 to dismiss this appeal for want of prosecution, noting that "Appellant's Brief" was filed here April 26, 2019 (after an earlier version had been turned away on April 5, 2019 as not in conformity with our rules), that Mr. Burley appeared and argued his appeal on July 24, 2019 (while neither Mr. Gibbs nor his counsel appeared), and that our Journal Entry of November 4, 2019 permitted ("may file") but did not require the supplemental briefing that Mr. Burley had requested in the aftermath of the trial court's denial of the 60(B) motion. We also deny a series of "Motion[s]" filed January 2 and 3, 2020 "For Stay of Execution of the Trial Court's Judgment," purportedly submitted by Jacqueline Simmons Burley on behalf of "Jackies Trucking LLC," "Burley Trucking LLC," "JAC Burley Trucking LLC," and "Jacqueline Simmons Burley." None of those entities is a party to this appeal (and some of them may not have been parties in the trial court proceedings); Ms. Burley, moreover, does not indicate an Ohio bar number, and we previously have held that outside of small claims court, a non-lawyer may not litigate on behalf of a limited liability company, *see, e.g., Campus Pitt Stop, L.L.C. v. Ohio Liquor Control Comm.*, 10th Dist. No. 13AP-622, 2014-Ohio-227.