[Cite as *State v. Jimenez*, 2023-Ohio-4317.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,          :

                             No. 112601

    v.                            :

MIGUEL ANTONIO JIMENEZ,                 :

    Defendant-Appellee.           :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 30, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-968172

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig J. Morice, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment denying its motion for default judgment and dismissing its civil forfeiture complaint against defendant-appellee, Miguel Antonio Jimenez. Finding merit to

the appeal, we reverse the trial court's judgment and remand for the trial court to enter judgment of forfeiture to the state of Ohio.

## I. Background and Procedural History

{¶ 2} In August 2022, the state filed a civil forfeiture action against Jimenez pursuant to R.C. 2981.05(D)(1), which provides that the state may file a civil forfeiture action "against any person who is alleged to have received, retained, possessed, or disposed of proceeds, in an amount exceeding fifteen thousand dollars, knowing or having reasonable cause to believe that the proceeds were allegedly derived from the commission of an offense subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code." Under R.C. 2927.21, trafficking in drugs in violation of R.C. 2925.03 is an offense subject to civil forfeiture proceedings.

{¶ 3} In its complaint, the state alleged that on April 6, 2022, law enforcement officers from the Cleveland Cartel, Gang, Narcotics, and Laundering Task Force were working drug interdiction at Cleveland Hopkins International Airport when they observed Jimenenz entering the airport carrying a large suitcase and a smaller carry-on bag. (Complaint, ¶ 7.) The complaint alleged that the task force officers approached Jimenez, presented their badges and credentials, and asked him if he would mind speaking with them. *Id.* Jimenez agreed to speak with the officers and also agreed that they could look through his carry-on bag. *Id.* at ¶ 8. According to the complaint, the officers found $20,000 in cash hidden under a pair of sandals in Jimenez's bag. *Id.* at ¶ 9.

{¶ 4} The complaint alleged that Jimenenz gave conflicting narratives about the $20,000 in cash. He first told the officers that he had flown from Los Angeles to Cleveland with $27,000 in cash. *Id*. at ¶ 10. He later changed his story and said that he was from California and was in Cleveland to take money out of a Fifth Third Bank account because the bank did not have branches in California. *Id*. Jimenez then said he had obtained the money from the Paycheck Protection Program but he was unable to remember the name of his recently formed business. *Id*. When a task force officer asked Jimenez if he was employed, Jimenez said he worked for a temporary employment service called "Capital," which was paying him $1,000 a week in cash, but that "he had been laid off for a while." *Id*. at ¶ 11.

{¶ 5} The complaint alleged that in light of Jimenez's changing story regarding where and how he obtained the money and the implausibility of his explanation in regard to both narratives, and based on their investigation, training, and experience, the task force officers had probable cause to believe that the cash was proceeds from drug trafficking, in violation of R.C. 2925.03, and thus subject to forfeiture under R.C. 2927.21. *Id*. at ¶ 14, 16. Accordingly, the officers seized the cash and two iPhones from Jimenez. *Id*. at ¶ 13.

{¶ 6} The complaint sought a court order that the $20,000 in cash be forfeited to the state and disposed of pursuant to R.C. 2981.06 or, alternatively, that the trial court deem the property unclaimed and therefore subject to disposition pursuant to R.C. 2981.12. *Id*. at ¶ 23-24.

{¶ 7} After filing the complaint, the state filed a notice of publication advising the trial court that pursuant to R.C. 2981.05(F), it had caused notice of the civil forfeiture proceedings relating to the seized property to be published once a week for two consecutive weeks in a newspaper of general circulation in Cuyahoga County. The state also served the complaint by certified mail to Jimenez, and when that failed, requested service via ordinary mail.

{¶ 8} When Jimenez did not timely file an answer, appear, or otherwise defend against the state's forfeiture complaint, the state filed a motion for default judgment pursuant to Civ.R. 55. In its motion, the state asserted that service was perfected on Jimenez by regular mail on September 27, 2022, making his answer due by October 26, 2022. The state asserted that pursuant to R.C. 2981.05(F), notice of the forfeiture action was published in the Daily Legal News on September 7, 2022, for two consecutive weeks, and that neither Jimenez nor any other person claiming an interest in the seized property had filed an answer, appeared, or otherwise defended against the forfeiture. Accordingly, the stated requested that the court order that 80 percent of the $20,000 be forfeited to the interdiction task force and 20 percent to the Cuyahoga County Prosecutor.

{¶ 9} The state's motion for default judgment was supported by an affidavit of service and damages by Matthew P. Convery, the assistant prosecuting attorney in the forfeiture action. In his affidavit, Convery averred that (1) the $20,000 was lawfully seized with probable cause as proceeds derived from or acquired through an act that could have been prosecuted as a felony criminal offense, or that it was an

instrumentality used or intended to be used to commit or facilitate the commission of drug trafficking; (2) service on Jimenez had been perfected by ordinary mail; (3) notice of the forfeiture action was published in the Daily Legal News for two consecutive weeks; and (4) neither Jimenez nor any other person or entity claiming an interest in the $20,000 had filed an answer, appeared, or otherwise defended against the action. Convery also attached an affidavit regarding Jimenez's military service, supported by a status report from the United States Department of Defense, in which he averred that Jimenez is not a member of the military.

{¶ 10} After the state filed its motion for default, the trial court issued an order in which it confirmed that Jimenez was served via ordinary mail on September 27, 2022, was required to answer by October 25, 2022, and as of February 2, 2023, had not answered or otherwise responded. The trial court set the matter for a default hearing on March 1, 2023, and ordered that

> [p]laintiff's attorney must file the following items prior to the hearing: 1. The contract(s), assignment(s), or written instrument(s) upon which plaintiff seeks judgment; 2. Judgment entry reflecting principal due without regard to accrued interest; 3. Affidavit signed by the plaintiff's attorney averring compliance with all service requirements in accordance with applicable statutes and rules; and 4. Affidavit signed by the plaintiff or plaintiff's representative providing damages; 5. Plaintiff is required to notify in writing all parties against whom default judgment is sought or the time and date of the default hearing by regular and certified mail, return receipt requested, at least ten (10) days in advance of the hearing date; * * * 6. Evidence of military service status of defendant pursuant to the Servicemembers' Civil Relief Act. Failure to comply with this order may result in dismissal without prejudice for failure to prosecute, pursuant to Civ.R. 41(B)(1).

{¶ 11} The state subsequently filed notice that it had timely served notice of the default hearing on Jimenez by ordinary mail. The default hearing was held on March 1, 2023; counsel for the state appeared but Jimenez did not appear.

{¶ 12} After the hearing, the trial court issued a judgment entry denying the state's motion for default and dismissing its complaint. The court found that Jimenez had been properly served but failed to file an answer or responsive pleading, or appear for hearing on the state's motion for default. Nevertheless, the trial court denied the motion for default.

{¶ 13} The trial court found that to prevail in a civil forfeiture proceeding under R.C. 2981.05, which governs civil forfeiture proceedings brought by the state regarding proceeds derived from criminal activity, the state must prove by clear and convincing evidence:

> (a) That the person received, retained, possessed, or disposed of the proceeds involved;
>
> (b) That the person knew or had reasonable cause to believe that the proceeds were derived from the alleged commission of an offense subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code; [and]
>
> (c) The actual amount of the proceeds received, retained, possessed, or disposed of by the person that exceeds fifteen thousand dollars.

R.C. 2981.05(D)(3)(a) - (c).

{¶ 14} The trial court found that the state submitted Convery's affidavit as evidence to support its assertion that the $20,000 was derived from the commission of a drug offense in violation of R.C. 2925.03. The trial court found the affidavit insufficient, however, because it did "not state under what circumstances the

property was seized, who was in possession of the property at the time of the seizure, or the basis for the determination that it was seized with probable cause in the commission of a drug offense." The court found that although "plaintiff stated that the proceeds were confiscated at the airport, [it] could not provide any additional evidence regarding the circumstances justifying the seizure." Therefore, the trial court found that the state had "failed to meet its burden of proving by clear and convincing evidence that defendant received, retained, possessed, or disposed of the proceeds with knowledge, or reason to believe that the proceeds were derived from the alleged commission of an offense subject to forfeiture proceedings." Accordingly, the trial court denied the motion for default judgment and dismissed the complaint. This appeal followed.

## II. Law and Analysis

{¶ 15} In its second assignment of error, the state asserts that the trial court abused its discretion in denying its motion for default judgment. We consider this assignment of error first because it is dispositive of the appeal.

{¶ 16} We review a trial court's decision to grant or deny a motion for default judgment for an abuse of discretion. *Shearer v. Creekview Broadview Hts. Homeowners' Assn.*, 8th Dist. Cuyahoga No. 94549, 2010-Ohio-5786, ¶ 9. "'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record, nor reason." *Klay v. Luck*, 8th Dist. Cuyahoga Nos. 97074 and 976075, 2012-Ohio-3354, ¶ 12. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ent. Inc. v. River Place Comm.*

*Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "Further, an abuse of discretion may be found where the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Luck* at *id*., quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 17} Under Civ.R. 55(A), when a party against whom judgment is sought fails to plead or otherwise defend, the opposing party may apply to the court for a default judgment. "'A default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims.'" *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599 (1986), quoting *Reese v. Proppe*, 3 Ohio App.3d 103, 105, 443 N.E.2d 992 (8th Dist.1981).

{¶ 18} Civ.R. 55 is logically consistent with Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." *See Fitworks Holding, L.L.C. v. Sciranko*, 8th Dist. Cuyahoga No. 90593, 2008-Ohio-4861, ¶ 7 ("allegations in a complaint to which a responsive pleading is required are admitted when not denied in the responsive pleading"). "'In other words, if a party fails to deny the specific allegations of a complaint against it, those allegations are considered admitted by the party.'" *Id*., quoting *Burdge v. On Guard Sec. Servs.,*

*Inc.*, 1st Dist. Hamilton No. C-050522, 2006-Ohio-2092, ¶ 7. "'According to the law of pleading, an admission in a pleading dispenses with proof and is equivalent to proof of the fact.'" *Shearer*, 8th Dist. Cuyahoga No. 94549, 2010-Ohio-5786 at ¶ 13, quoting *J. Miller Express, Inc. v. Pentz*, 107 Ohio App.3d 44, 48, 667 N.E.2d 1018 (9th Dist.1995), citing *Rhoden v. Akron*, 61 Ohio App.3d 725, 727, 573 N.E.2d 1131 (9th Dist.1988). Because "an admission to a factual allegation in a pleading is equivalent to proof of the fact admitted, the plaintiff does not have to prove that allegation with evidence." *Lopez v. Quezada*, 10th Dist. Franklin Nos. 13AP389 and 13AP-664, 2014-Ohio-367, ¶ 12. "Consequently, when a defendant fails to contest the factual allegations raised in the complaint, default judgment is appropriate because the defendant has admitted to the facts that establish the plaintiff's claims." *Id.*

{¶ 19} Nevertheless, "[a] plaintiff still needs to allege a valid claim in order to prevail, even against a neglectful defendant." *Beach Body Tanning, Inc. v. Kovach*, 8th Dist. Cuyahoga No. 85142, 2005-Ohio-2629, ¶ 26; *accord Vikoz Ents. L.L.C. v. Wizards of Plastic Recycling, Inc.*, 9th Dist. Summit No. 25759, 2011-Ohio-4486, ¶ 7 ("A default judgment cannot lie against a defendant for claims that were not asserted."). "Therefore, where the plaintiff has failed to state a claim, default judgment on that claim is improper." *Lopez* at ¶ 13, citing *Beach Body Tanning* at *id.*

{¶ 20} Under R.C. 2981.05(D)(1), the state may file a civil forfeiture action against any person who is alleged to have received, retained, possessed, or disposed

of proceeds, in an amount exceeding fifteen thousand dollars, knowing or having reasonable cause to believe that the proceeds were allegedly derived from the commission of an offense subject to forfeiture proceedings under R.C. 2927.21. "The complaint shall be filed in the court of common pleas of the county in which the proceeds were alleged to have been received, retained, possessed, or disposed of by the person," and the complaint shall specify all of the following:

> (a) That the person against whom the complaint is filed is alleged to have received, retained, possessed, or disposed of proceeds, in an amount exceeding fifteen thousand dollars, knowing or having reasonable cause to believe that the proceeds were allegedly derived from the commission of an offense subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code;
>
> (b) That the state has the right to recover the proceeds described in division (D)(1)(a) of this section; [and]
>
> (c) The actual amount of the proceeds described in division (D)(1)(a) of this section.

{¶ 21} Here, even a cursory review of the complaint demonstrates that the state's civil forfeiture complaint against Jimenez was in full compliance with R.C. 2981.05(D)(1)(a) - (c). Paragraph two of the complaint alleged that Jimenez had

> [r]eceived, retained, and/or possessed $20,000 U.S. Currency knowing or having reasonable cause to believe that the $20,000 were proceeds derived from the commission of drug trafficking (R.C. 2925.03) and/or conspiracy or attempt to commit, or complicity in committing drug trafficking, which are offenses subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code.

Paragraph four of the complaint alleged that "Michael C. O'Malley, as Prosecuting Attorney of Cuyahoga County, Ohio is authorized by R.C. 2981.03(F) and R.C. 2981.05(D)(1) to commence this action on behalf of the state of Ohio." And

paragraph six of the complaint alleged that the property sought to be forfeited was the $20,000 cash seized from Jimenez with probable cause by the interdiction task force. Thus, there is no question that the state's complaint adequately set forth its forfeiture claim.

{¶ 22} There is also no question that by failing to respond to the state's complaint or otherwise defend against it, Jimenez admitted the allegations of the complaint. Accordingly, the trial court abused its discretion in concluding that the state failed to "meet its burden of proving, by clear and convincing evidence" that Jimenez "received, retained, possessed, or disposed of the proceeds with knowledge, or reason to believe that the proceeds were derived from the alleged commission of an offense subject to forfeiture proceedings." As discussed above, Jimenez's admission to the allegations of the complaint due to his failure to answer or other respond was equivalent to proof of the allegations, and thus, the state did not have to present evidence at the default hearing to prove the allegations.

{¶ 23} As an aside, we note that despite the trial court's finding otherwise, the state did not present Convery's affidavit as evidence in support of its claims that Jimenez was involved in drug trafficking and that the task force officers had probable cause to seize the $20,000. Rather, Convery's affidavit was submitted in compliance with the trial court's order that, as the party moving for default judgment, the state was required to establish prior to the default hearing party the damages for which the state sought default judgment, compliance with service requirements, and Jimenez's military status.

{¶ 24} Jimenez contends that the state's complaint is "top-heavy on legal conclusions but disturbingly lacking in any factual conclusions to support those legal conclusions." (Appellant's Brief, p. 6.) He asserts that carrying large amounts of cash is not in itself a crime and that the facts alleged in the complaint are insufficient to demonstrate that the task force officers had probable cause to seize the $20,000 or what about his interaction with the officers made this a lawful seizure. He contends that the state cannot rely on "unsubstantiated claims and suspicions" to state a claim for forfeiture of property, and thus, given the strong presumption in the law against the forfeiture of private property, the trial court properly dismissed the complaint. *Id.* at p. 9.

{¶ 25} While Jimenez may have pursued these defenses had he answered the complaint, his failure to answer means that he has admitted facts contrary to these defenses. By not answering, Jimenez admitted, as alleged in the complaint, that he received, retained, and/or possessed the $20,000 knowing or having reasonable cause to believe that the $20,000 was proceeds derived from the commission of drug trafficking, and/or conspiracy or attempt to commit drug trafficking, or complicity in committing drug trafficking, in violation of R.C. 2925.03, an offense subject to forfeiture proceedings under R.C. 2927.21; that the task force officers had probable cause to seize the $20,000; and that the state was authorized to recover the $20,000 pursuant to R.C. 2981.05(D) as proceeds derived from drug trafficking. In light of these admissions, the state was entitled under R.C. 2981.05 to forfeiture

of the $20,000 seized from Jimenz, and accordingly, the trial court abused its discretion in denying the state's motion for default judgment.

{¶ 26} In its first assignment of error, the state contends that the trial court erred in sua sponte dismissing its complaint. Our resolution of the second assignment of error renders the first assignment of error moot. Nevertheless, we note that even if we were to find that the trial court properly denied the motion for default, its sua sponte dismissal of the state's complaint was error.

{¶ 27} An appellate court reviews a trial court's ruling on a motion to dismiss under a de novo standard. *Hersh v. Grumer*, 2021-Ohio-2582, 176 N.E.3d 1135, ¶ 5 (8th Dist.). Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Woods v. Sharkin*, 8th Dist. Cuyahoga No. 110567, 2022-Ohio-1949, ¶ 39, citing *Prosen v. Dimora*, 79 Ohio App.3d 120, 124, 606 N.E.2d 1050 (8th Dist.1992). "The only instances of when a sua sponte dismissal of complaint without notice is appropriate is when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint." *Id.*, citing *State ex rel. Peeples v. Anderson*, 73 Ohio St.3d 559, 560, 653 N.E.2d 371 (1995).

{¶ 28} Here, as discussed above, the state's forfeiture complaint was pled in full compliance with the provisions of R.C. 2981.05(D)(1)(a) - (c), which sets forth the requirements for a civil forfeiture complaint by the state regarding proceeds derived from criminal activity. Thus, even assuming for the sake of argument that

the trial court properly denied the state's motion for default judgment, the trial court erred in sua sponte dismissing the complaint without notice to the state of its intention and an opportunity to respond. *See MBNA Am. Bank, N.A. v. Canfor*, 9th Dist. Summit No. 23588, 2007-Ohio-4137, ¶ 14 (sua sponte dismissals prejudice appellants because they deny any opportunity to respond to the alleged insufficiencies).

{¶ 29} The second assignment of error is sustained. The trial court's judgment is reversed and the matter is remanded to the trial court for the entry of judgment of forfeiture in favor of the state of Ohio in the amount set forth in the complaint.

{¶ 30} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR